UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Jesse Jerome Dean, Jr.** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Civil No. 1:14-cv-00715 (APM) |
| **United States Department of Justice**, *et al.*, | ) ) ) | |
| **Defendants.** | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Plaintiff Jesse Jerome Dean, Jr., a federal prisoner proceeding *pro se*, brought suit under the Freedom of Information Act to obtain "access to his . . . 'Cooperating Individual Agreement'" that allegedly was "produced at trial and extensively used as [an exhibit]." Plaintiff requested the document from the Drug Enforcement Administration, which responded by neither confirming nor denying the document's existence. Both parties have moved for summary judgment under Federal Rule of Civil Procedure 56. Upon consideration of the parties' submissions and the record, the Court grants in part and denies in part Plaintiff's motion and denies Defendants' motion for the reasons explained below.

**II.    BACKGROUND**

In July 2013, Plaintiff submitted a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request to the Drug Enforcement Administration ("DEA") for, among other things, "a copy of the DEA Form 473, cooperating individual agreement from [his] confidential informant file . . . used in [his] criminal trial [and] designated 'Government Exhibit 7.'" Decl. of Katherine L. Myrick,

Ex. A, ECF No. 16-2 [hereinafter *Myrick Decl*.].  On October 22, 2013, the DEA informed Plaintiff that it "will neither confirm nor deny the existence of any records related to any confidential sources and/or any individuals(s) that may have provided information that assisted this agency in any investigative matter." *Id*., Ex. C.  The DEA further stated that if any such information exists, it would be exempt from disclosure under the Privacy Act, 5 U.S.C. § 552a, and under FOIA exemptions 7(C), 7(D), 7(E) and 7(F), *see* 5 U.S.C. § 552(b).  *Id.*

On October 28, 2013, Plaintiff appealed the DEA's determination with regard to DEA Form 473 to the Office of Information Policy ("OIP").  Myrick Decl., Ex. D.  He filed this action in April 2014.  Thereafter, OIP affirmed the DEA's determination on June 11, 2014.  *Id*., Ex. F.

### III.  LEGAL STANDARD

FOIA requires a federal agency to release all records responsive to a properly submitted request except those protected from disclosure by one or more of nine enumerated exemptions. *See* 5 U.S.C. § 552(b).  The Court's jurisdiction extends "to enjoin[ing] [a federal] agency from withholding agency records or [ ] order[ing] the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).  The district court reviews the agency's action *de novo* and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009).  Summary judgment in a FOIA case may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and nonconclusory." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citations omitted) (internal quotation marks omitted).  The agency's affidavits or declarations must "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the

2

claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see Beltranena v. Clinton*, 770 F. Supp. 2d 175, 181-82 (D.D.C. 2011). To "successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. DOJ*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

## IV.   ANALYSIS

In what is commonly referred to as a "*Glomar* response,"[1] an agency may refuse to confirm or deny the existence of records responsive to a FOIA request if doing so "would itself 'cause harm cognizable under an FOIA exception.'" *Am. Civil Liberties Union v. CIA*, 710 F.3d 422, 426 (D.C. Cir. 2013) (quoting *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1178 (D.C. Cir. 2011)) (other citation omitted). An agency may not, however, invoke a *Glomar* response when the information requested has been officially acknowledged, *see id*. at 426-27, or is in the public domain, *Marino v. DEA*, 685 F.3d 1076, 1081 (D.C. Cir. 2012). Plaintiff asserts that the DEA Form 473 he seeks "was produced and fully exposed in open court . . . was testified to in open court by at least two witnesses and . . . . has been repeatedly referred to in [his] habeas court filings—all in the public domain." Pl.'s Response to Defs.' Reply and Opp'n, ECF No. 27, ¶ 4. In other words, he contends that, because the Department of Justice during his prosecution publicly

---

[1] The term *"Glomar"* is derived from the name of a ship, the Hughes Glomar Explorer, which was the subject of a FOIA request at issue in *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976), a case in which the CIA refused to confirm or deny the existence of responsive records. *See Marino v. DEA*, 685 F.3d 1076, 1079 n.1 (D.C. Cir. 2012).

acknowledged the existence of the DEA Form 473, the DEA's *Glomar* response was improper.[2] The court agrees.

"In the *Glomar* context," it is not "the contents of a particular record" that is at issue "but rather the existence *vel non* of any records responsive to the FOIA request." *ACLU*, 710 F.3d at 427 (internal quotation marks omitted). Therefore, "the public domain exception is triggered when 'the prior disclosure establishes the existence (or not) of records responsive to the FOIA request,' regardless whether the contents of the records have been disclosed." *Marino*, 685 F.3d at 1081 (quoting *Wolf v. CIA*, 473 F.3d 370, 379 (D.C. Cir. 2007)). To prevail on summary judgment then, the plaintiff must show only "that the agency has already disclosed the fact of the existence (or nonexistence) of responsive records, since that is the purported exempt information that a *Glomar* response is designed to protect." *ACLU*, 710 F.3d at 427. If the plaintiff is successful, the agency is not automatically required to disclose the record. Rather, the agency "would be required to confirm that responsive records exist, then either release them or establish that they are exempt from disclosure." *Marino*, 685 F.3d at 1082. *See ACLU*, 710 F.3d at 432-34 (explaining why "[t]he collapse of the CIA's *Glomar* response does not mark the end of this case" and remanding to the district court to determine whether the contents of any responsive documents are protected from disclosure); *see also* Defs.' Reply at 6 n.3 (requesting permission "to search for and determine if records exist; and if they exist, to properly review and withhold any exempt information[,]" if the *Glomar* response fails).

---

[2] Plaintiff appears to concede that the DEA Form 473 was not actually introduced in evidence at his trial. *See* Pl.'s Combined Reply and Motion for Summ. Judg. ¶ 15, ECF No. 19 ("The authenticity of 'GX7' had never been established so it had never been formally admitted into evidence."). But whether or not the DEA Form 473 actually became part of the public record is not dispositive. As discussed below, because Plaintiff here has presented undisputed proof of the government's public acknowledgement of the *existence* of the DEA Form 473, that is enough to defeat the agency's motion for summary judgment in the *Glomar* context.

Plaintiff has proffered portions of transcripts from his criminal trial that identify "Government Ex. 7" as "a form 473, cooperating individual agreement." Pl.'s Combined Reply and Mot. for Summ. J., Ex. 3 (Trial Tr. 46, Jan. 30, 1997), ECF No. 19. The government presented "Ex. 7" both to a testifying DEA agent, *see id.*, and to Plaintiff himself on cross-examination, *id.*, Ex. 4. The testimony presented supports Plaintiff's assertion that the requested document exists, and Defendants have not questioned the transcripts' authenticity, *see generally* Def.'s Reply. Hence, Plaintiff has carried his burden to show the existence of the Form 473, and Defendants have failed to demonstrate entitlement to summary judgment on their *Glomar* response.[3]

## V. CONCLUSION AND ORDER

Accordingly, it is hereby ordered that:

1. Defendants' Motion for Summary Judgment, ECF No. 16, is denied.

2. Plaintiff's Motion for Summary Judgment, ECF No. 20, is granted insofar as Plaintiff sought to overcome Defendants' *Glomar* response but denied insofar as he sought release of DEA Form 473.

3. Plaintiff's Motion for the Court to Take Judicial Notice of the attached newspaper articles, ECF No. 30, is denied as moot.

4. Defendants shall search for the requested DEA Form 473 and, by May 8, 2015, either disclose the DEA Form 473 to Plaintiff or assert that the record is exempt from disclosure by filing a dispositive motion.

---

[3] The Court is mindful that the United States Attorney, not the DEA, prosecuted Plaintiff's case in federal court. The Court of Appeals has stated, however, that while a *Glomar* response may be proper when the prior disclosure was by "another, unrelated agency," the "rule does not apply . . . where the disclosures are made by an authorized representative of the agency's parent." *ACLU*, 710 F.3d at 429 n.7. Consequently, "a federal prosecutor's decision to release information at trial is enough to trigger the public domain exception where the FOIA request is directed to another component *within* the Department of Justice." *Marino*, 685 F.3d at 1082.

Dated: April 10, 2015

                                                 Amit P. Mehta
                                                 United States District Judge